**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TRAVEIL LYN LEWIS,**

                   **Petitioner,**

     v.                                        CASE NO. 21-3173-SAC

**DEREK WOODS,**

                   **Respondent.**

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus, which was filed on August 2, 2021. (Doc. 1.) The Petition asserted that Petitioner was in pretrial state custody at Riley County Jail but was being unlawfully detained on a charge of which he is innocent. After undertaking a preliminary review of the petition, the Court issued a notice and order to show cause (NOSC) explaining that under *Younger v. Harris*, 401 U.S. 37, 46 (1971), federal courts must abstain from exercising jurisdiction when certain conditions are met. (Doc. 2.) The NOSC concluded that even liberally construing the petition in this case, as is appropriate since Petitioner is proceeding pro se, it appears that those conditions are met. The Court therefore directed Petitioner to show cause, in writing, on or before September 6, 2021, why this matter should not be summarily dismissed without prejudice.

The NOSC was issued on August 3, 2021 and mailed to Petitioner at the Riley County Jail address he had provided to the Court. On August 13, 2021, however, the mail was returned to the Court marked return to sender and the envelope indicated it could not be

forwarded. (Doc. 3.) The Court again attempted to mail the NOSC to Petitioner, but on August 27, 2021, the mail was returned to the Court marked as undeliverable and unable to forward. (Doc. 4.) Plaintiff has not responded to the NOSC or provided the Court with his current address.

Local Rule 5.1(c)(3) requires a pro se party to "notify the clerk in writing of any change of address." D. Kan. R. 5.1(c)(3). Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed R. Civ. P. 41(b). Accordingly, the Court will dismiss this matter without prejudice, based on Petitioner's failure to respond to the NOSC and his failure to comply with the local rules by informing the clerk in writing of his change of address. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 14th day of September, 2021, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge